

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| CHAVIS COX, *also known as Chavis Laranzo Cox*, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 4:23-cv-00009-MGL |
| | § | |
| WARDEN, *Kirkland Correctional Institution*, | § | |
| Respondent, | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Chavis Cox (Cox), proceeding pro se, filed a petition for writ of habeas corpus (Cox's Petition) under 28 U.S.C. § 2254.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Cox's Petition without prejudice and without requiring Respondent Warden to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 1, 2023. Cox timely objected on March 20, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Cox maintains that he can bring his claim that his confinement in solitary confinement and restrictive housing is improper in a Section 2254 habeas action.

Generally, a prisoner may bring a habeas action only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

In *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975), however, the Fourth Circuit opined that "there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause."

In *Farabee v. Clarke*, 967 F.3d 380, 395 (4th Cir. 2020), the Fourth Circuit considered a Section 2241 brought by Farabee, a state prisoner, to challenge prison officials' alleged use of medication and solitary confinement to treat his mental illness, to the detriment of his health.

The Fourth Circuit noted that whether a prisoner may "challenge his conditions of confinement through a habeas petition . . . is an unsettled question of law among [the] sister circuits." It stated that it has "yet to address the issue in a published opinion." *Id.*

The panel, however, went on to reason that it need not reach the issue, citing *McNair*. It held that Farabee, a state prisoner, could bring a Section 2241 petition to address this substantive due process claim. *Id.*

2

Although the Magistrate Judge classifies Cox's petition as a conditions of confinement claim, the Court determines it is closer to the allegations brought in *McNair* and *Farabee*.

But, it appears that in any case, Section 2241, rather than Section 2254, would be the proper vehicle for Cox's claims. As a general rule, a Section 2254 petition is used to attack the sentence itself, and a Section 2241 petition can be used to attack the execution of the sentence. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). Accordingly, the Court will allow Cox to convert his petition to one under Section 2241.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it is not contradicted by this order, and incorporates it herein. Therefore, it is the judgment of the Court Cox's Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Warden to file a return. The Clerk's Office is directed to provide Cox with a Section 2241 form.

To the extent Cox seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of October 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.